# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JAWAN BEY,

v.  No. 3:19-cv-1090 (JAM)

WIOLETTA BAKOTA,
*Defendant*.

## ORDER DENYING MOTION FOR RECONSIDERATION

On July 15, 2019, plaintiff Jawan Bey filed a complaint *pro se* against defendant Wioletta Bakota, invoking this Court's diversity jurisdiction. Doc. #1. After I denied Bakota's motion to dismiss, Bakota filed a motion for reconsideration of that ruling, Doc. #36. For the following reasons, I will deny Bakota's motion.

### BACKGROUND

Bey's complaint alleges common law claims for tortious battery and for intentional interference with person. Doc. #1 at 8-12 (¶¶ 34-45). The complaint arises from an alleged encounter between Bey and Bakota in a parking lot outside a fitness gym facility. Bakota was upset and confronted Bey because he opened the door to his car in a manner that allegedly made contact with Bakota's pick-up truck in the next parking space. *Id.* at 2-3 (¶¶ 1-8). As Bey then backed his car out to leave, Bakota allegedly spat in Bey's face through the open driver's side window. *Id.* at 3 (¶ 9). This caused Bey to hit another car behind him. *Id.* at 4 (¶ 10). The police were called, and Bey was ultimately charged with disorderly conduct. *Id.* at 5 (¶ 18). Bey eventually "settle[d]" this criminal charge by agreeing to pay $10,000. *Id.* at 7 (¶¶ 30-31). Bey subsequently sued Bakota in this Court.

1

On September 26, 2019, Bakota, who is represented by counsel, filed a motion to dismiss for failure to state a claim. Doc. #15. But because Bakota failed to file the notice required by D. Conn. L. Civ. R. 12 for a motion to dismiss that is filed against a self-represented litigant, I entered an order on September 30, 2019, to require that Bakota file the required notice within three days. Doc. #17. Although Bey subsequently filed an objection to the motion to dismiss, Doc. #18, Bakota did not file the required notice, and I therefore denied the motion to dismiss, Doc. #19.

On January 2, 2020, Bakota filed a motion for reconsideration seeking leave to re-file her motion to dismiss on grounds of excusable neglect for having failed to file the Local Rule 12 notice. Doc. #36. The motion states that, because of a technical malfunction, Bakota's counsel did not receive electronic notice of the order requiring her to file the notice. *Id.* at 2 (¶ 6). The motion further states that counsel failed to file the notice because of counsel's lack of familiarity with Local Rule 12 and that counsel routinely practices in state court. *Ibid.* (¶ 4).

## DISCUSSION

Having now reviewed the motion for reconsideration as well as the motion to dismiss, it is clear to me that I need not address whether Bakota's counsel should be excused from failing to timely file the Rule 12 notice because it is evident that I would deny Bakota's motion to dismiss in any event. Doc. #15.

First, the motion to dismiss challenges Bey's battery claim on the ground that "[p]laintiff does not allege that Defendant's spit ever made physical contact with his person." Doc. #15 at 3. This argument is untrue and quite literally flies in the face of the multiple allegations of the complaint explicitly alleging that Bakota spit in Bey's face.[1] Especially in light of the rule that

---
[1] *See* Doc. #1 at 1 (alleging "inexcusable act of spitting in Plaintiff's face while he was attempting to drive out of the L.A. Fitness parking lot"); *id.* at 3 (¶ 9) (alleging that "while Plaintiff was backing up the Defendant spit in his face

2

the allegations of a *pro se* litigant's complaint must be given a liberal construction to raise the strongest arguments they suggest, *see Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), Bakota's argument that the complaint fails to allege physical contact is frivolous and borders on an intentional misrepresentation of the record.

Second, as to Bey's claim for intentional interference with his person, Bakota's motion to dismiss argues without elaboration that "Connecticut law does not recognize a cause of action for 'intentional interference with person.'" Doc. #15 at 3. Perhaps this is so, but Bakota cites no authority to support this argument, *see id*. at 3-4, and Bakota does not explain why this claim is *not* cognizable under Connecticut law. If Bakota believes that Connecticut law does not recognize an "intentional interference with person" claim, then Bakota should have presented a properly supported argument. This is especially so given that Bakota initially moved for an extension of time to file a motion to dismiss so that counsel would have "sufficient time for research and drafting," which I granted. Docs. #12 at 2 (¶ 3); #14.

Bakota goes on to argue—again without citing any authority—that Bey's "factual allegations, if true, would be insufficient to support *any* cause of action against the Defendant." Doc. #15 at 4. But the allegations that Bakota maliciously spit in Bey's face plainly suffice to allege a common law battery claim. *See, e.g.*, *Simms v. Chaisson*, 277 Conn. 319, 331 (2006) (liability for battery arises "if [a] [a person] acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

---

through the open driver side window"); *id.* at 4 (¶ 15) (alleging that Bey reported at the time that Bakota "just spit in Plaintiff's face"); *id.* at 5 (¶ 17) (alleging that the police who were called to the scene "learned from the Defendant who spit in his face that she did indeed spit in his face"); *id.* at 5-6 (¶ 22) (alleging the Bey "intended to file a civil suit against the Defendant who spit in his face"); *id.* at 9 (¶ 35) (alleging that "Defendant Wioletta Bakota, by intentionally spitting in Plaintiff's face caused Plaintiff to inadvertently lose control of vehicle he was driving and hit another care in the parking lot of the L.A. Fitness health club"); *id.* at 9-10 (¶ 38) (alleging Bakota's malicious action of "spitting [in] his face" while Bey was driving his car).

3

[b] a harmful contact with the person of the other directly or indirectly results") (quoting 1 Restatement (Second) Torts § 13 (1965)).

Moreover, construing Bey's allegations liberally, I conclude that the complaint also plausibly alleges a claim for false arrest and malicious prosecution to the extent that it alleges that Bakota told a false version of what happened to the police that led to the arrest and initiation of a prosecution against Bey for disorderly conduct. For example, Bey alleges that Bakota "acted with utter disregard of Plaintiff's legal rights, knowing that Plaintiff caused her no harm that would incur any criminal complaint against him, and that Plaintiff was falsely arrested for her tortious act." Doc. #1 at 11 (¶ 41); *see also, e.g.*, *Chase v. Nodine's Smokehouse, Inc.,* 360 F. Supp. 3d 98, 112 (D. Conn. 2019) (outlining elements of claims for false arrest and malicious prosecution under Connecticut law); *see also Bhatia v. Debek*, 287 Conn. 397, 404 (2008) (explaining how a private person may be liable for malicious prosecution under Connecticut law); *Clack v. Torre*, 2012 WL 3779135, at *3 (D. Conn. 2012) (noting "[i]n Connecticut, persons reporting criminal activity may be liable for false arrest if they instigate an arrest for which there is no probable cause.") (internal citation omitted).[2]

## CONCLUSION

For the foregoing reasons, the Court DENIES Bakota's motion for reconsideration (Doc. #36) of its order denying the motion to dismiss (Doc. #19). The Court will allow Bey's claims to proceed without prejudice to any properly supported and researched dispositive motion in the event that the parties' settlement conference is unsuccessful.

---

[2] Although there is some ambiguity about how and whether the charges or ensuing prosecution terminated in Bey's favor, *see Miller v. Stallworth*, 2018 WL 3974730, at *4 (D. Conn. 2018) (discussing favorable termination elements for false arrest and malicious prosecution claims), I cannot conclude as a matter of law on the present record that the complaint fails to allege facts to satisfy the favorable termination element.

It is so ordered.

Dated at New Haven this 6th day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge