# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JAWAN BEY,

v.

WIOLETTA BAKOTA,
*Defendant*.

No. 3:19-cv-1090 (JAM)

**ORDER TO SHOW CAUSE RE BASIS FOR FEDERAL JURISDICTION**

Plaintiff Jawan Bey has filed state law tort claims against defendant Wioletta Bakota, all arising from an encounter between the parties in a parking lot in Connecticut, during which Bakota allegedly spat in Bey's face. *See* Doc. #1. The Court now issues this order to show cause to require Bey to submit documentation substantiating the basis for the Court's exercise of federal jurisdiction.

Federal courts may, of course, exercise diversity jurisdiction over state law claims involving an amount in controversy of more than $75,000 if no plaintiff and no defendant are citizens of the same state. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806) (Marshall, C.J.). Although Bey's verified complaint alleges the requisite amount in controversy, the Court is unable to determine whether the parties in this case are citizens of different states as required for diversity jurisdiction.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile ... [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotations omitted). "A person has only one domicile at any given moment, though it may change."

*Ibid.* "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed," and "residence alone is insufficient to establish domicile for jurisdictional purposes." *Id.* at 53, 54.

The complaint alleges that Bey is an "unincorporated American Civilian/National" and "a natural man on the land of the age of majority who is an American Civilian/National of the Florida State Republic," who "receives mail" at an address in Florida. Doc. #1 at 1-2. But the complaint also lists a Connecticut telephone number (with area code "203") and describes Bey's address as "Non-Domestic." *Id.* at 13, 2. Moreover, the incident at issue in this lawsuit took place in the parking lot of a fitness gym in Connecticut, which suggests that Bey may have been a citizen of Connecticut rather than Florida at that time.

All in all, the allegations of the complaint leave Bey's citizenship unclear. Accordingly, the Court will require Bey to file an affidavit attesting to the state in which he was domiciled on July 15, 2019, the date he filed this lawsuit. Bey shall also file any corroborating documentation to show that his domicile was not in Connecticut at that time. For example, Bey's motion to proceed *in forma pauperis* states that on the date of his filing of the complaint, he lived with his nephew and nephew's family. Doc. #2 at 2. Bey shall identify the full name and address of his nephew with whom Bey was living. If this address is in Connecticut, then Bey shall explain why the Court should conclude that his domicile was not in Connecticut.

Bey shall file his response to this order to show cause on or by **January 21, 2020**. If Bey was a citizen of Connecticut at the time he filed this lawsuit, then he may file a motion to withdraw this action.

It is so ordered.

Dated at New Haven this 7th day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge