UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAWAN BEY,
    *Plaintiff*,

v.

WIOLETTA BAKOTA,
    *Defendant*.

No. 3:19-cv-1090 (JAM)

**ORDER DENYING PENDING MOTIONS**

This federal diversity action arises from an altercation between the plaintiff and the defendant in a parking lot. The defendant moves to dismiss for lack of federal diversity jurisdiction. The plaintiff cross-moves to strike the motion to dismiss and for summary judgment in his favor. I will deny all these motions.

**BACKGROUND**

Plaintiff Jawan Bey seeks to hold defendant Wioletta Bakota liable as a result of a dispute they had in October 2018 in a parking lot outside a fitness gym facility in Connecticut. Bakota was upset at Bey because he opened the door to his car in a manner that made contact with Bakota's pick-up truck in the next parking space. Doc. #1 at 2-3 (¶¶ 1-8). As Bey then backed his car out to leave, Bakota allegedly spit in Bey's face through the open driver's side window. *Id.* at 3 (¶ 9). This caused Bey to hit another car behind him. *Id.* at 4 (¶ 10). The police were called, and the police ended up charging Bey with disorderly conduct. *Id.* at 5 (¶ 18). Bey eventually settled this criminal charge by agreeing to pay $10,000. *Id.* at 7-8 (¶¶ 30-31).

On July 15, 2019, Bey filed a *pro se* federal diversity complaint against Bakota. Doc. #1. Bey alleges common law claims for tortious battery and for intentional interference with person. *Id.* at 8-12 (¶¶ 34-45). The complaint invokes federal diversity jurisdiction, alleging in substance

that Bey is and was at all relevant times a citizen of Florida and that Bakota is a citizen of Connecticut. *Id.* at 2 (¶¶ 4-5).

On September 26, 2019, Bakota filed a motion to dismiss for failure to state a claim. Doc. #15. I denied the motion and then denied Bakota's motion for reconsideration. Docs. #19, #37; *see also Bey v. Bakota*, 2020 WL 59937, at *1 (D. Conn. 2020). In my ruling denying the motion for reconsideration, I concluded in relevant part that Bakota had failed to show why the complaint does not plausibly allege claims for battery, intentional interference and possibly for false arrest and malicious prosecution as well. Doc. #37 at 2-4.

On January 7, 2020, I entered an order to show cause for Bey to show why there is federal diversity jurisdiction. Doc. #38. My concern was whether Bey was really a citizen of Connecticut rather than Florida at the time he filed the complaint. *Ibid.* Bey filed a response to the order to show cause with evidentiary materials. Doc. #39. This included his own sworn statement that "at the time of the incident that is the subject matter of this Complaint, Plaintiff was domiciled in the state of Florida." *Id.* at 3 (¶ 6). He also included a notarized affidavit from his nephew in Florida stating that "my uncle has been living with us off and on since 2009" and that "[s]ometimes he goes and stays with family in Virginia, New York and Connecticut for a little while, but he always comes back home to us." *Id.* at 10. On the basis of this evidentiary showing, I entered a subsequent docket order stating that I was satisfied that Bey was a citizen of Florida. Doc. #41.

### DISCUSSION

The parties have filed various motions, and I will address each one below.

***Bakota's motion to dismiss***

Bakota moves to dismiss pursuant to Fed. Civ. P. 12(b)(1) on the ground of additional evidence that Bey was domiciled in Connecticut rather than Florida as he claims. She cites Connecticut voter registration records, that Bey owns a single-family home in Bridgeport, and that he was arrested in Connecticut for disorderly conduct in October 2018. Doc. #45 at 5-6.

Bey filed an objection and cross-motion to strike Bakota's motion to dismiss. Doc. #50. With respect to voter registration records, Bey avers that he is registered to vote not only in Connecticut but also Virginia and Florida, and that "[v]oter records do not confirm residency." *Id.* at 3 (¶ 11). With respect to his ownership of property in Connecticut, he avers that "ownership of property in this State does not automatically indicate that Plaintiff lives in Connecticut." *Ibid.* (¶ 12). With respect to his arrest in Connecticut, he avers that this arrest stems from the incident at issue in this lawsuit and does not show that he was resident in Connecticut at the time. *Id.* at 3-4 (¶¶ 13-17). Bey otherwise takes offense at Bakota's allegations and moves to strike the motion to dismiss. *Id.* at 4-9.

As I noted in my prior order to show cause, the existence of federal diversity jurisdiction depends on the place of domicile of the parties at the time that the complaint was filed. Doc. #38. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile ... [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotations omitted). "A person has only one domicile at any given moment, though it may change." *Ibid.* "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed," and "residence alone is insufficient to establish domicile for jurisdictional purposes." *Id.* at 53, 54.

Here, in the face of the parties' competing claims and evidentiary submissions, I cannot determine whether Bakota has adduced sufficient evidence to genuinely controvert Bey's evidence that he was a domiciliary of Florida when he filed his complaint. *See Van Buskirk*, 935 F.3d at 56 n.3 (plaintiff's burden to prove diversity by a preponderance of the evidence standard). In light of Bey's own evidentiary submissions to show that Florida is his domicile, the fact that he may have registered to vote in Connecticut, that he owns real property in Connecticut, and that he was arrested for the incident at issue in Connecticut does not necessarily establish that he was a Connecticut domiciliary when the complaint was filed.

Accordingly, I will deny Bakota's motion to dismiss but without prejudice to reconsideration following the parties' engaging in jurisdictional discovery. *See, e.g.*, *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617-18 (2d Cir. 2019) (discretion of court to allow for jurisdictional discovery). I will convene a status conference to discuss the scope and manner of jurisdictional discovery. If Bakota continues to believe after conducting jurisdictional discovery that there are grounds to challenge diversity jurisdiction, then Bakota may renew her motion to dismiss.

Even if Bakota does not file a renewed motion to dismiss, the Court advises the parties that it has discretion to conduct its own inquiry and hearing into the basis for its jurisdiction at any time in this litigation. *See* Fed. R. Civ. P. 12(h)(3). The submission of any false evidence on this issue may result in contempt of court or other sanctions.

### *Bey's cross-motion to strike*

As for Bey's cross-motion to strike Bakota's motion to dismiss, the Court may strike a motion or materials from a filing on the grounds that it is redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f); *Brown v. Maxwell*, 929 F.3d 41, 51 & n.42 (2d Cir. 2019).

Although Bey is upset that Bakota has challenged his allegation that he is a citizen of Florida, there is nothing improper in Bakota doing so. Nor is it improper for Bakota to refer to Bey's arrest given that it is this very arrest that Bey has put at issue with the filing of this action. Accordingly, I will deny Bey's cross-motion to strike.

### *Bey's motion for summary judgment*

Bey moves for summary judgment on the alleged ground that there are no genuine issues of fact to controvert his claims as corroborated by the police report which he attaches to his motion. Doc. #49. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable factfinder to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues of fact but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (*per curiam*); *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).

Bey has not filed a statement of material facts as required by the Court's local rules. *See* D. Conn. L. Civ. R. 56(a)(1) (stating in relevant part that "[a] party moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)1 Statement of Undisputed Material Facts,' which sets forth, in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3, a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried"). Nor is it clear that the factual statements set forth in the police report are admissible in light of

the general rule against the consideration of hearsay evidence for purposes of ruling on a summary judgment motion. *See Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013). Accordingly, I will deny the motion for summary judgment without prejudice to renewal in compliance with the Court's rules and to be filed in accordance with the schedule to be determined by the Court at a status conference with the parties.

## CONCLUSION

The Court DENIES without prejudice Bakota's motion to dismiss (Doc. #45). The Court DENIES Bey's cross-motion to strike (Doc. #50). The Court DENIES without prejudice Bey's motion for summary judgment (Doc. #49). The Court shall conduct a status conference with the parties at **1:30pm on November 19, 2020** to discuss jurisdictional discovery and general scheduling matters.

It is so ordered.

Dated at New Haven this 16th day of November 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge