UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAWAN BEY,
    *Plaintiff,*

v.      No. 3:19-cv-1090 (JAM)

WIOLETTA BAKOTA,
    *Defendant.*

**ORDER DENYING MOTION FOR RECONSIDERATION**

This federal diversity action arises from an altercation between the plaintiff Jawan Bey and the defendant Wioletta Bakota in a parking lot. In April 2021, I dismissed the action for failure to prosecute after the parties failed to comply with the scheduling order and did not file a timely response to my notice of intent to dismiss. Bey now moves for reconsideration of the order dismissing this action. I will deny his motion without prejudice to renewal on or before **April 25, 2022** if supported by medical records to fully substantiate Bey's claim of temporary medical incapacity.

**BACKGROUND**

The nature of this case and its history are detailed in two prior rulings. *See Bey v. Bakota*, 2020 WL 6729262 (D. Conn. 2020); *Bey v. Bakota*, 2020 WL 59937 (D. Conn. 2020). Bey sued Bakota because of a dispute they had in October 2018 in a parking lot outside a fitness gym facility in Connecticut. *Bey*, 2020 WL 6729262, at *1. Bakota was upset at Bey because he opened the door to his car in a manner that made contact with Bakota's pick-up truck in the next parking space. *Ibid*. As Bey then backed his car out to leave, Bakota allegedly spit in Bey's face through the open driver's side window. *Ibid*. This caused Bey to hit another car behind him. *Ibid*.

1

The police were called, and the police ended up charging Bey with disorderly conduct. *Ibid*. Bey eventually settled this criminal charge by agreeing to pay $10,000. *Ibid*.

In July 2019, Bey filed a *pro se* complaint against Bakota alleging common law claims for tortious battery and for intentional interference with person.[1] The complaint invokes federal diversity jurisdiction, alleging in substance that Bey is and was at all relevant times a citizen of Florida and that Bakota is a citizen of Connecticut.[2]

In September 2019, Bakota filed a motion to dismiss for failure to state a claim.[3] I denied the motion as well as Bakota's subsequent motion for reconsideration. *See Bey*, 2020 WL 59937. In my ruling denying the motion for reconsideration, I concluded in relevant part that Bakota had failed to show why the complaint does not plausibly allege claims for battery, intentional interference, and possibly for false arrest and malicious prosecution as well. *Id*. at *1–*2.

In January 2020, I entered an order to show cause for Bey to show why there is federal diversity jurisdiction.[4] My concern was whether Bey was really a citizen of Connecticut rather than Florida at the time he filed the complaint.[5] Bey filed a response to the order to show cause with evidentiary materials, and I entered a subsequent docket order stating that I was satisfied for the present time that Bey was a citizen of Florida on the basis of his limited evidentiary showing.[6]

The parties then filed cross-motions for relief. Bakota moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the ground of additional evidence that Bey was domiciled in Connecticut

---

[1] Doc. #1 at 8–12 (¶¶ 34–45).
[2] *Id*. at 2 (¶¶ 4–5).
[3] Doc. #15.
[4] Doc. #38.
[5] *Ibid*.
[6] Doc. #39; Doc. #41.

rather than Florida.[7] Bey filed a cross-motion to strike Bakota's motion to dismiss as well as a motion for summary judgment.[8]

In November 2020, I denied each party's motions. *See Bey v. Bakota*, 2020 WL 6729262. I denied Bakota's motion to dismiss because the parties submitted competing claims and evidence regarding Bey's domicile, but the denial was without prejudice to reconsideration following the parties' engaging in jurisdictional discovery. *Id.* at *2. I denied Bey's cross-motion to strike because Bakota's motion did not include any inappropriate material that would warrant striking. *Id.* at *3. And I denied Bey's motion for summary judgment without prejudice because Bey did not file a statement of material facts as required by the Court's local rules and because it was unclear that Bey's motion was supported by admissible evidence. *Ibid*.

On December 21, 2020, I conducted a status conference with the parties to discuss jurisdictional discovery and general scheduling matters following my order denying the parties' motions.[9] At the status conference, Bey indicated that he intended to file a renewed motion for summary judgment, and Bakota indicated that she desired to conduct additional jurisdictional discovery and file a renewed motion to dismiss. I instructed the parties that I would allow additional discovery and that I would set a deadline for filing dispositive motions for about 60 days after the status conference, in the second or third week of February.

Following the status conference, I entered a memorandum of conference and amended scheduling order on December 21, 2020 setting a dispositive motions deadline of February 24, 2021, and a deadline to file the parties' joint trial memorandum of March 22, 2021 if no

---

[7] Doc. #45.
[8] Doc. #49 (motion for summary judgment); Doc. #50 (objection and motion to strike).
[9] Doc. #82 (memorandum of conference and amended scheduling order); Doc. #83 (status conference minutes).

dispositive motions were filed.[10] A copy of this order was mailed by the Clerk's Office to Bey's address of record in Florida but not until January 11, 2021.[11]

The parties did not file anything following the status conference and my issuance of an amended scheduling order. As a result, on March 31, 2021, I entered a notice of intent to dismiss the action for failure to prosecute. That order explained that:

> On December 21, 2020, the Court held a status conference and entered an order for the parties to file any dispositive summary judgment motions by February 24, 2021 and, in the absence of any summary judgment motions, to file their joint trial memorandum by March 22, 2021. Doc. #82. The parties have not filed any summary judgment motions or their joint trial memorandum, leading the Court to conclude the parties are no longer interested in litigating this action. Unless the parties file their joint trial memorandum by **April 12, 2021**, the Court will dismiss this action for failure to prosecute.[12]

A copy of this second order was timely mailed to Bey's address of record on April 1, 2021.[13] Once again, the parties failed to file their joint trial memorandum or any other response to my order.

Rule 41(b) of the Federal Rules of Civil Procedure allows a district court to dismiss an action for failure to prosecute, and a district court should be guided by consideration of several factors when deciding whether to dismiss an action for failure to prosecute:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

---

[10] Doc. #82.

[11] The Court's procedure in *pro se* cases where a party has not signed up for electronic filing is to mail a copy of the Court's order to the *pro se* party and then for the fact of this mailing to be documented for "court only" on the docket. My review of the docket reflects the following staff note entry: "(Court only) ***Staff notes: NEFs 78 , 79 , 80 , 81 , and 82 mailed to Jawan Bey at 2117 Brian Lakes Drive, North, Jacksonville, FL 32221 (Reis, Julia) (Entered: 01/11/2021)."

[12] Doc. #84 (emphasis in original).

[13] The docket reflects the following staff note entry: "(Court only) ***Staff notes: Document #84 Notice of Intent to Dismiss Action for Failure to Prosecute mailed to Jawan Be, 2117 Brian Lakes Drive, North Jacksonville, FL 32221. (Gutierrez, Y.) (Entered: 04/01/2021)."

4

*Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013). In light of these factors, I entered an order on April 15, 2021 dismissing the case for failure to prosecute.[14]

On April 26, 2021, Bey moved for reconsideration of my order dismissing the case pursuant to Federal Rule of Civil Procedure 60(b)(1).[15] He claims that he did not receive a copy of the Court's amended scheduling order of December 21, 2020 or the Court's notice of intent to dismiss the action of March 31, 2021.[16] According to Bey, he learned that this action had been dismissed only after his nephew in Florida called him on April 23, 2021 to advise that the Court's order of dismissal had arrived in the mail.[17]

Bey further claims that he was seriously ill with COVID-19 and a diabetic condition and that he was hospitalized from February 26 to March 16, 2021.[18] He has not, however, filed any documentation to corroborate his claims of illness and hospitalization. For her part, Bakota—who is represented by counsel—has not filed any objection to Bey's motion for reconsideration.

### DISCUSSION

Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).[19] Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In evaluating a claim of excusable neglect under Rule 60(b), the Court considers four factors articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

---

[14] Doc. #85.
[15] Doc. #86.
[16] *Id.* at 2 (¶ 7), 3 (¶ 11).
[17] *Id.* at 2–3 (¶ 10).
[18] *Id.* at 1–2 (¶¶ 1–5).
[19] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

*P'ship*, 507 U.S. 380 (1993). *See Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (*per curiam*). These factors include "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith," but the inquiry focuses on the third factor. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003); *see also Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) (noting that "affording dispositive weight to [the third] factor accords with our precedents," and that "we have focused on the reason for the delay, including whether it was within the reasonable control of the movant despite the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension").

"The burden of proving excusable neglect lies with the late-claimant." *Id*. at 148. "*Pro se* litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." *Toriola v. FJC Sec. Servs. Inc.*, 2017 WL 819483, at *4 (E.D.N.Y. 2017); *see also Callahan v. City of New Haven Bd. of Educ.*, 2020 WL 4586487, at *2 (D. Conn. 2020) ("a litigant's *pro se* status is not enough to justify granting Rule 60(b) relief").

I am somewhat skeptical of Bey's claim that he did not receive notice of the Court's amended scheduling order and its later order serving notice of intent to dismiss the action. This claim casts further doubt on Bey's position that he has ever actually lived in Florida (much less on the date that he filed this lawsuit) rather than continuing to live in Connecticut and choosing to list a Florida address that is occupied by his nephew as a mail drop and for the purpose of claiming federal diversity jurisdiction in this case.

Nevertheless, if Bey were indeed ill and hospitalized as he claims and in light of Bakota's failure even to oppose the motion for reconsideration and to claim prejudice if the case is re-

6

opened, I would be inclined to grant the motion for reconsideration if Bey is able to substantiate his claim of illness and hospitalization with medical records. Accordingly, I will deny Bey's motion for reconsideration without prejudice to his renewal of the motion on or before **April 25, 2022**. Any renewed motion must include medical records that fully substantiate Bey's claim of illness and hospitalization, which records shall be accepted for filing under seal to protect his confidentiality. It is unlikely that the Court will grant an extension of this deadline.

As the Second Circuit has explained, "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and … where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Silivanch*, 333 F.3d at 366–67; *see also Canfield*, 127 F.3d at 250–51 (affirming ruling that failure to file motion papers within the time limit established by a local rule was not excusable neglect under Rule 60(b)). If Bey is unable to substantiate his claims of illness and hospitalization, then he has fallen short of establishing grounds for relief under Rule 60 or that there was any error when this action was dismissed because of his failure to prosecute.

I note as well that whether a plaintiff has carried his burden to show that a federal court has subject matter jurisdiction varies depending on the procedural stage of the litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). If this action were to proceed, I would be prepared to reconsider on the basis of a fuller record at summary judgment and—if necessary—by means of an evidentiary hearing at or near the time of trial whether Bey was a citizen of Florida on the date that he filed this lawsuit. At the telephone status conference of December 21, 2021, Bey told me that he was a member of the gym in Connecticut where the incident at issue in this lawsuit occurred. I think it highly unusual for a citizen of Florida to belong to a gym in Connecticut. I note as well that Bey has previously filed two *pro se* civil

lawsuits in federal court in Connecticut in which he has alleged that he was a citizen of Connecticut. *See Bey v. Lando Resorts Corp.*, 3:15-cv-00766-SRU (D. Conn. 2015); *Lopez v. Director*, 3:16-cv-00600-VAB (D. Conn. 2016).

If it turns out that Bey was intentionally untruthful that he was a citizen of Florida—rather than Connecticut—at the time that he filed this lawsuit, I would consider whether to enter an award of monetary sanctions against Bey. In addition, it is a federal crime to knowingly and intentionally make a false statement within the jurisdiction of the United States government. *See* 18 U.S.C. § 1001(a).

## CONCLUSION

For the reasons stated above, the Court DENIES Bey's motion for reconsideration (Doc. #86) without prejudice to renewal of his motion on or before **April 25, 2022** accompanied by medical records that fully substantiate his claims of illness and hospitalization.

It is so ordered.

Dated at New Haven this 28th day of March 2022.

                                                   /s/ *Jeffrey Alker Meyer*
                                                 Jeffrey Alker Meyer
                                                 United States District Judge