UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAWAN BEY,
    *Plaintiff,*

v.

WIOLETTA BAKOTA,
    *Defendant.*

No. 3:19-cv-1090 (JAM)

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND DECLINING TO RE-OPEN CASE**

    This federal diversity action arises from an altercation between the plaintiff Jawan Bey and the defendant Wioletta Bakota in a parking lot. On April 15, 2021, I dismissed the action for failure to prosecute after the parties failed to comply with the scheduling order and did not file a timely response to my subsequent notice of intent to dismiss for failing to comply with that order.[1]

    On April 26, 2021, the plaintiff moved for reconsideration and to re-open the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2] I denied this motion without prejudice. *See Bey v. Bakota*, 2022 WL 897138 (D. Conn. 2022).[3] In my ruling I acknowledged the plaintiff's claims that "he did not receive a copy of the Court's amended scheduling order of December 21, 2020 or the Court's notice of intent to dismiss the action of March 31, 2021," and that "he learned that this action had been dismissed only after his nephew in Florida called him on April 23, 2021 to advise that the Court's order of dismissal had arrived in the mail." *Id.* at *3.

---

[1] Doc. #85.
[2] Doc. #86.
[3] Doc. #87.

1

I noted, however, that the Court's docket reflected entries by the Clerk of Court that both orders had been mailed to the plaintiff at his address of record. *Id.* at *2.

According to the plaintiff, "he was seriously ill with COVID-19 and a diabetic condition," and "he was hospitalized from February 26 to March 16, 2021." *Id.* at *3. I observed, however, that the plaintiff had not "filed any documentation to corroborate his claims of illness and hospitalization." *Ibid.*

Although I was "somewhat skeptical of Bey's claim that he did not receive notice of the Court's amended scheduling order and its later order serving notice of intent to dismiss the action," I concluded that "I would be inclined to grant the motion for reconsideration if Bey is able to substantiate his claim of illness and hospitalization with medical records." *Id.* at *4. I allowed the plaintiff additional time to file a renewed motion for reconsideration and stated that "[a]ny renewed motion must include medical records that fully substantiate Bey's claim of illness and hospitalization." *Ibid.*

On April 18, 2022, the plaintiff responded by filing a motion for summary judgment.[4] But such a motion is procedurally improper because this action has been closed, and the only issue before me at this time is whether the action should be re-opened for further litigation. The plaintiff was invited to file a renewed motion to re-open, not a renewed motion for summary judgment.

Moreover, the summary judgment motion fails for the same reasons that I have previously denied the plaintiff's motion for summary judgment: because he has not filed a statement of material facts as required by the Court's local rules or filed evidentiary materials

---

[4] Doc. #88.

that conclusively support his claim that Bakota should be liable to him. *See Bey v. Bakota*, 2020 WL 6729262, at *3 (D. Conn. 2020) (denying Bey's prior motion for summary judgment).

The plaintiff's summary judgment motion also attaches a one-page hospital record reflecting a hospitalization for a single week from February 27 to March 5, 2021.[5] But this record only partially supports the plaintiff's claim in his initial motion for reconsideration that he was hospitalized for nearly three weeks from February 26 to March 16, 2021.[6] If the plaintiff was discharged from the hospital on March 5, 2021, as this records suggests, then this was almost a month before I issued the order of March 31, 2021, advising of my intent to dismiss the action if the parties failed to file dispositive motions or a joint trial memorandum by April 12, 2021.[7]

Moreover, and more troubling still, the hospital record submitted by the plaintiff is *not* in the name of the named plaintiff in this action—"Jawan Bey"—but in a different name of "Juan Jose Brookins."[8] To try to explain this discrepancy, the plaintiff states that he "now makes this Court aware that after the filing of this case he legally changed his name back to his birth name to honor his mother's dying wish."[9] He has filed a document titled "Order Granting Leave to Change Name" issued by the Civil Court of the City of New York reflecting a change of name from "Jawan Jose Akil Bey" to "Juan Jose Brookins."[10] The New York court order references the filing of a petition for name change dated May 22, 2019, and that the petition was granted by the New York court on September 24, 2019.[11]

If the plaintiff changed his name as he claims in September 2019, then this means that he has long been litigating this case under a false name. Since September 2019 he has repeatedly

---

[5] *Id.* at 12.
[6] Doc. #86 at 1–2 (¶¶ 1–5).
[7] *See* Doc. #84.
[8] Doc. #88 at 12.
[9] *Id.* at 2 (¶ 2).
[10] *Id.* at 6.
[11] *Ibid.*

3

filed and signed documents in this action under the name "Jawan Bey."[12] Here are some examples:

- In response to an order to show cause that I issued earlier in this case concerning whether the plaintiff was a citizen of Florida as he claimed, the plaintiff submitted a notarized affidavit on January 21, 2020, stating that "I, Jawan Bey, hereby make the following statements under the penalty of perjury per 28 U.S.C. § 1746"; that "I, Jawan Bey, have personal first-hand knowledge of the foregoing statements made by me in the Response to the Court's Order to Show Cause for federal jurisdiction dated January 7, 2020"; and that "I affirm under penalty of perjury that those statements are true and correct to the best of my knowledge and belief."[13]

- On January 21, 2020, the plaintiff submitted an affidavit from his nephew that "[m]y uncle, Jawan Bey, asked me to write this affidavit for the Court to confirm that he lives with me and my wife at my house in Jacksonville Florida."[14]

- On January 31, 2020, Bey filed a document stating that he was "Plaintiff, Jawan Bey, Standing *in propria persona sui juris*" and "*with his name properly and lawfully spelled only in upper and lower case letters*."[15]

The Federal Rules of Civil Procedure require parties to identify themselves by their true name. *See* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 11(a). That is because "[a] trial is not a masquerade party nor is it a game of judicial hide-n-seek where the plaintiff may offer the

---

[12] *See, e.g.*, Docs. #18, #39, #42, #49, #50, #86. The only exception is his latest filing, which bears a handwritten signature of "Juan José Brookins" on top of a printed signature line of "Juan Jose Brookins, a/k/a/ Jawan Bey." Doc. #88 at 13.
[13] Doc. #39 at 8.
[14] *Id.* at 10.
[15] Doc. #42 at 1 (emphasis added).

defendant the added challenge of uncovering his real name." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006).

The plaintiff has failed to follow these rules, which is especially concerning because an ongoing issue from the outset of this case has been whether—for purposes of sustaining his claim of federal diversity jurisdiction—the plaintiff was a citizen of Florida at the time that he filed this lawsuit. On January 7, 2020, I entered an order to show cause to require the plaintiff to submit documentation to substantiate his Florida citizenship.[16] And the defendant subsequently moved to dismiss this action on the ground that the plaintiff had falsely claimed to be a citizen of Florida, noting that he was registered to vote in Connecticut and owned real property in Connecticut.[17]

I ended up declining to dismiss the case for lack of jurisdiction in light of the plaintiff's objections and submission of documents, such as his own affidavit and the affidavit of his nephew as described above.[18] But if I had known that the plaintiff was falsely claiming in his responses that his name was "Jawan Bey" rather than "Juan Jose Brookins," then I would not have credited those responses or the plaintiff's representations in general, and I would have dismissed the case long ago for failure of the plaintiff to carry his burden to show that there was federal jurisdiction.

In short, to the extent that the plaintiff renews his motion to re-open this case, I conclude that the plaintiff has not shown grounds to do so. At the end of the day, I do not know the plaintiff's real name. If his real name is "Jawan Bey" as he claimed for most of this litigation, then he has failed to adduce any evidence at all of a medical emergency to excuse his prior

---

[16] Doc. #38.
[17] Doc. #45.
[18] Docs. #41, #75 at 2–4; *see also Bey,* 2020 WL 6729262, at *2.

failure to respond to court orders. On the other hand, if his real name is "Juan Jose Brookins," then he has adduced some evidence of his illness and hospitalization but less than the plaintiff claimed in his initial motion to re-open the case and less than would warrant the re-opening of this case. Moreover, if the plaintiff's real name is "Juan Jose Brookins," then he has been fraudulently litigating this action under a false name of "Jawan Bey" and if I had known this to be the case, then I would have dismissed this action for lack of federal jurisdiction. All in all, I decline to re-open this action.

## CONCLUSION

For the reasons stated above, the Court DENIES the plaintiff's procedurally improper motion for summary judgment. The Court also DENIES the motion to the extent that it may be interpreted to be a renewed motion to re-open the action. This case shall remain closed.

It is so ordered.

Dated at New Haven this 17th day of January 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge